UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREDRAG TOMASEVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEVA Freight, LLC,<br><br>Defendant. | No.: 2:24-cv-6663<br><br><br>**CLASS AND COLLECTIVE ACTION** |

# COMPLAINT

1. This is a lawsuit brought by current and former home delivery drivers who work for CEVA Freight, LLC ("CEVA"), a furniture sales and delivery company, that operates a delivery facility in Newark, New Jersey.

2. CEVA delivers its products to customers' homes as a core element of its business.

3. As set out below, although CEVA classifies its delivery drivers, including Plaintiff, as independent contractors, CEVA retains control and actually controls the manner and means of every material aspect of its drivers' work obligations. Accordingly, notwithstanding their classification, CEVA's drivers are employees under New Jersey and federal law.

4. Plaintiff Tomasevic brings this case as a class action under Fed. R. Civ.

1

P. 23 on behalf of all current and former delivery drivers who have contracted with Defendants to provide delivery services for CEVA in New Jersey between June 2018 and the present. Plaintiff alleges that CEVA violated the New Jersey Wage Payment law, N.J.S.A. 34: 11-4.1(a), and the New Jersey Wage and Hour Law, N.J.S.A. 3411-56a1, by taking deductions from Plaintiff's and other delivery drivers' pay, by failing to pay delivery drivers minimum wage for all hours worked, and by failing to pay delivery drivers overtime compensation for hours worked in excess of 40 a week.

5.  Plaintiff Tomasevic also brings this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for CEVA in New Jersey between June 2021 and the present. Plaintiffs allege that it was CEVA's policy and practice to take deductions from delivery drivers' pay which, in many weeks, caused the delivery drivers' compensation to fall below minimum wage. Accordingly, Plaintiffs and other delivery drivers were not paid minimum wage in some weeks worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

## Jurisdiction and Venue

6.  This Court has personal jurisdiction over Plaintiff and the class and collective he seeks to represent because they are citizens of State of New Jersey and/or work in the State of New Jersey.

7. The Court has personal jurisdiction over Defendant CEVA because it does business in the State of New Jersey and its conduct in the State of New Jersey underlies all of the claims in this lawsuit.

8. This Court has federal question jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. §216(b).

9. This Court has supplemental jurisdiction over Plaintiff's claims under New Jersy law pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims over which this Court possesses original jurisdiction that it forms part of the same case or controversy under Article III of the Constitution.

10. Venue is appropriate in this district in that the Defendant has active operations and a terminal in this judicial district, and many of the events that give rise to this lawsuit occurred here, and this is the most convenient forum.

## Parties

11. Plaintiff Predrag Tomasevic resides in Wayne, New Jersey. Tomasevic has worked as a delivery driver for CEVA between September 2017 and June 2024.

12. Defendant CEVA Freight, LLC is a Delaware corporation whose headquarters are in Houston, Texas. CEVA operates a warehouse in Newark, New Jersey and has a number of other locations in New Jersey.

13. CEVA employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or

materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-7.

14. CEVA's annual gross volume of sales made or business done exceeds $500,000.

## Facts Common to All Counts

15. Plaintiff Tomasevic performed delivery services for CEVA personally on a full-time basis out of a CEVA warehouse in Newark, New Jersey.

16. Plaintiff and other delivery drivers were classified by CEVA as independent contractors.

17. Notwithstanding this classification, Plaintiff and other drivers exercise virtually no independent control over their own work life and therefore they are employees of CEVA under New Jersey and federal law.

18. Plaintiff and other drivers work full-time for CEVA, are required to wear CEVA uniforms, and are required to display CEVA's advertising on their vehicle upon CEVA's request.

19. Plaintiff and other drivers are not involved in the negotiation and/or arrangements between CEVA and its customers over pick up, delivery times, and other requirements.

20. As a practical matter, Plaintiff and other drivers are not able to deliver for other companies while working for CEVA, as they operate trucks that are

registered under CEVA's Motor Carrier authority, and thus can only transport merchandise for CEVA.

21.     The drivers are required to keep cell phones, a scanner, and a GPS with them at all times so that CEVA can contact them on the road to make changes to their pickup and delivery schedule.

22.     There is no independent entrepreneurial opportunity for the drivers and no business to grow. Plaintiff and other drivers do not own a route and their income is totally dependent upon their delivery schedule that is completely controlled by CEVA.

23.     CEVA maintains a set of mandatory requirements to which all of its drivers must adhere. If the drivers fail to follow the multitude of rules, regulations and policies, CEVA threatens to discipline or actually disciplines the drivers, including termination at will.

24.     The drivers exercise no independent business judgment in the performance of their jobs, nor do they have an opportunity to do so. CEVA retains for itself the right to control the drivers' work.

25.     CEVA requires that Plaintiff and other drivers buy or lease their own vehicles and further requires that they pay for their own fuel and maintenance.

26.     CEVA also takes deductions from Plaintiff's and other drivers' pay for items including insurance coverage, an escrow fund, IFTA, stickers, and truck

damage. These deductions often total hundreds of dollars a week.

27.    As a result of these deductions and the expenses delivery drivers are required to incur while working for CEVA, there are many weeks in which their compensation falls below minimum wage, in violation of the FLSA and New Jersey law.

## Class Allegations

28.    Plaintiffs bring this lawsuit on their own behalf and on behalf of the following described Class:

> Each person who, at any time between June 2018 and the date on which a Class is certified, entered into an agreement to work as a delivery driver for CEVA and was classified by CEVA as an independent contractor.

29.    Upon information and belief, the number of class members is in excess of 100. Accordingly, joinder of its members is impracticable. CEVA has the records necessary to identify all Class members and to calculate their recoveries.

30.    The named Plaintiff is a member of the Class and shares with the Class common questions of law and fact, including whether CEVA has correctly classified its drivers as independent contractors; whether CEVA has taken unlawful deductions from their pay, and whether CEVA has failed to pay them minimum wage and overtime compensation.

31.    The claims of the named Plaintiff are typical and representative of the claims of the Class he seeks to represent. The named Plaintiff has suffered the same

type of financial losses as other Class members.

32. Plaintiff will fairly and adequately represent the Class. There are no conflicts that compromise their ability to represent the Class and they have retained experienced lawyers who are well versed in independent contractor/employee issues and Class action litigation.

33. Common questions predominate in this dispute and a Class action is the superior way to resolve this dispute.

## Collective Allegations

34. Plaintiff brings Count III of this lawsuit as a collective action on behalf of all individuals who entered into an agreement to work as a delivery driver for CEVA in New Jersey and were classified by CEVA as independent contractors during the last three years and who may choose to opt-in to this case.

35. Plaintiff's FLSA claims should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for CEVA during the past three years.

36. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which CEVA did not pay drivers at least the minimum wage for all hours worked, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## Legal Claims

### Count 1 – Violation of the New Jersey Wage Payment Law

37. Plaintiff restates the above paragraphs as if fully set forth herein at length.

38. CEVA is an employer within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34: 11-4.1(a).

39. Plaintiff and each Class member are employees within the meaning of N.J.S.A. 34:11-4.1(b).

40. CEVA has paid to Plaintiff and Class members compensation for their services that are wages within the meaning of N.J.S.A. 34:11-4.1(c).

41. CEVA has withheld and diverted from the Plaintiff's and Class members' wages amounts for insurance coverage, an escrow fund, IFTA, stickers, and truck damage and for other expenses.

42. CEVA withheld and diverted the wages of Plaintiff and Class members as set forth above in violation of N.J.S.A. 34: 11-4.4 et. seq.

43. Pursuant to N.J.S.A. 34: 11-4.7, Plaintiff and other Class members have a private right of action against CEVA, their employer, for the full amount of wrongfully withheld or diverted wages.

### Count 2 – Violation of the New Jersey Wage and Hour Law

44. Plaintiff restates the above paragraphs as if fully set forth herein at

length.

45. CEVA is an employer within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34: 11-56a1.

46. Plaintiff and each Class members are employed by CEVA pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 3411-56a1.

47. At all relevant times, Plaintiff and each Class member were owed minimum wage compensation for each hour worked, as well as one-and-one-half times their regular hourly rate of pay for each hour they worked for CEVA in excess of 40 hours in any workweek. N.J.S.A. 34:11-56a4.

48. Plaintiff and each Class member do not fall under any exemption for the payment of overtime at the regular hourly rate pursuant to the New Jersey Wage and Hour Law.

49. By failing to pay Plaintiff and each Class member one-and-on-half times their regular hourly rate for all hours worked in excess of 40 hours in each workweek, CEVA violated the New Jersey Wage and Hour Law. N.J.S.A. 34:11-56a.

50. Pursuant to N.J.S.A. 34: 11-56a25, Plaintiff and other Class members have a private right of action against CEVA, their employer, for the full amount of wrongfully withheld overtime wage.

## Count 3 – Fair Labor Standards Act

51. Plaintiff restates the above allegations as if fully set forth herein at length.

52. After accounting for the deductions taken by CEVA from their pay, and the expenses Plaintiff and the putative collective members paid that were necessary to perform their job, CEVA failed to pay Plaintiff and the members of the putative collective an hourly rate of at least the federal minimum wage as required by the FLSA, 29 U.S.C. § 206(a).

53. CEVA's conduct in failing to ensure that its delivery drivers, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, was knowing, willful, intentional, and done in bad faith.

54. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## **Prayer for Relief**

WHEREFORE, Plaintiff, individually and on behalf of all drivers similarly situated, respectfully requests that the Court order the following:

A. Certification of the described Class with the named Plaintiff as the Class representative;

B.  Judgment in Plaintiff's favor and against the Defendant awarding compensatory, exemplary, statutory, liquidated and punitive damages;

C.  An Order requiring CEVA to pay all damages, including reimbursement for all wages unlawfully withheld, including for failure to pay overtime, and any applicable penalties under the FLSA and New Jersey wage laws; and

D.  All other relief to which Plaintiff and the Class and Collective may be entitled, including but not limited to attorneys' fees, costs and interest.

## JURY DEMAND

Pursuant to Rule 38(b), federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all of the issues pled in this Complaint so triable.

Respectfully submitted,

PREDRAG TOMASEVIC, individually and on behalf of all others similarly situated,

By his attorneys,

/s/Anthony L. Marchetti, Jr.
Anthony L. Marchetti, Jr. (ALM4302)
MARCHETTI LAW, P.C.
317 Delsea Drive
PO Box 656
Sewell, NJ 08080
(856) 414-1800
amarchetti@marchettilawfirm.com

        Harold L. Lichten
        (*pro hac vice anticipated*)
        Olena Savytska
        (*pro hac vice anticipated*)
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston St. Suite 2000
        Boston, MA 02116
        (617) 994 5800
        hlichten@llrlaw.com
        osavytska@llrlaw.com

DATED: June 3, 2024